ABRAM P. TODD v. MARGARETTA BAILEY.

If a married woman be the real borrower of money, she can, by force of the statute, bind herself for its repayment; and it does not invalidate the transaction, if, at the time, she intends to turn the money over to her husband.

On rule to show cause.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, REED and GUMMERE.

For the plaintiff, *John B. Vreeland* and *Alvah A. Clark*.

For the defendant, *Richard V. Lindabury*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The defendant is a married woman, and is sued on two promissory notes made by her and her husband. The notes are joint and several, and the wife stands as the first signer.

The making of these notes was not in controversy, the defence being that the defendant signed them as the surety of the husband. This was the gravamen of the contest upon the facts, the plaintiff's testimony, taken by itself, proving plainly that the payee of the notes refused to loan the money for which they were given to the husband of the plaintiff,

but loaned the same to the wife, and the judicial ruling at the trial was that, if this was the true version of the transaction, the plaintiff was entitled to recover the moneys in question, but that, if the defendant's contention was sustained, the loan was to the husband, the wife standing as surety, the defendant was entitled to a verdict. The further instruction was that, if this was the true nature of the affair, it was not of any consequence whether, the wife being the real borrower, her purpose was to turn over the money so obtained to her husband for his use.

That this was the legal rule applicable to the case, this court has no doubt. The statute empowers the married woman to bind herself by contract, with the restriction that she cannot obligate herself as a surety; she has the undoubted right to borrow money and to engage herself for its payment, and the money thus obtained she can dispose of as she pleases; she can give it or loan it to her husband or to anyone else. The trial judge so held.

Under this instruction the jury found that the wife was the principal debtor. On that question the evidence was conflicting, and almost all the testimony on both sides was that of interested persons, and it is the persuasion of the court that such finding was correct. The verdict, therefore, cannot be disturbed.

Let the rule be discharged.